IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03274-PAB-MEH

GULBIN VAN ALSTINE,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on Defendant Costco Wholesale Corporation's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Docket No. 9]. Plaintiff Gulbin Van Alstine filed a response, Docket No. 17, and defendant Costco Wholesale Corporation ("Costco") filed a reply. Docket No. 18. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**[1]

On December 23, 2022, Ms. Van Alstine visited a Costco warehouse with her husband to renew their Costco membership and shop for necessities. Docket No. 5 at 2, ¶ 11. After receiving a replacement Costco membership card, the two approached the check-out aisles, *id.*, ¶ 13, where Ms. Van Alstine slipped on an unknown liquid on the epoxied concrete floor, which liquid caused the floor to become wet and slippery, and injured her knee. *Id.*, ¶ 14. There were no signs or other indications warning

---

[1] The following facts are taken from Ms. Van Alstine's complaint, Docket No. 5, and are presumed true for the purpose of ruling on defendant's motion to dismiss.

customers about the wet and slippery floor.  *Id.* at 3, ¶ 15.  Ms. Van Alstine did not see or detect the wet and slippery floor until she fell because the wet and slippery conditions were not readily observable.  *Id.*, ¶ 16.  Shortly after Ms. Van Alstine slipped and fell, a Costco employee cleaned up the liquid on the floor with paper towels.  *Id.*, ¶ 17.  Ms. Van Alstine's husband immediately took Ms. Van Alstine to the hospital as a result of her fall.  *Id.*, ¶ 19.  She suffered a severely broken left knee, which required extensive medical intervention, including surgery, and requires ongoing medical treatment.  *Id.*, ¶ 20.  Costco was the landowner of the premises where Ms. Van Alstine fell.  *Id.*, ¶ 24.

In her complaint, Ms. Van Alstine brings two claims, one for statutory premises liability under the Colorado Premises Liability Act ("CPLA"), Colo. Rev. Stat. § 13-21-115, and the other for common law negligence.  *Id.* at 5–7, ¶¶ 42–60.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  A court, however, does not need to accept conclusory allegations.  *See, e.g., Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th

Cir. 1994) ("we are not bound by conclusory allegations, unwarranted inferences, or legal conclusions").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### III.  ANALYSIS

Costco argues that Ms. Van Alstine's negligence claim should be dismissed because Costco admits that it is a landowner under the CPLA. Docket No. 9 at 4. Costco states that a "landowner cannot be simultaneously liable under both the CPLA and a common law negligence theory." *Id.* (citing *Reid v. Berkowitz*, 370 P.3d 644, 648 (Colo. App. 2016); *Vigil v. Franklin*, 103 P.3d 322, 329 (Colo. 2004)). Under Colorado law, "[i]t is well established that subsection 13–21–115(2) abrogates common law negligence claims against landowners for injuries caused by the conditions, activities, or circumstances on a landowner's premises" and that the CPLA "provide[s] an exclusive remedy against a landowner" for such injuries. *Reid*, 370 P.3d at 648. Ms. Van Alstine

3

responds that, "[w]ith respect to Plaintiff's negligence count, . . . Costco's admission that it is a landowner under the CPLA is sufficient that Plaintiff agrees to dismiss her claim for common law negligence." Docket No. 17 at 2. Costco has admitted that it is the landowner of the premises where Ms. Van Alstine fell, and the Court will therefore dismiss Ms. Van Alstine's negligence claim.

Second, Costco argues that Ms. Van Alstine's allegations in her complaint fail to establish the elements of her CPLA claim. Docket No. 9 at 4. To properly plead the elements of her CPLA claim, Ms. Van Alstine must allege facts that show that: (1) Costco had actual or constructive knowledge of the danger; (2) Costco failed to exercise reasonable care; (3) proximate cause; and (4) damages.[2] *Criss v. United Airlines, Inc.*, No. 20-cv-1670-WJM-NRN, 2022 WL 672484, at *3 (D. Colo. Mar. 7, 2022) (citing Colo. Rev Stat. § 13-21-115(3)(c)(I); *Lombard v. Colorado Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 575 (Colo. 2008)).

Whether a landowner "actually knew or should have known" about a danger may be satisfied by showing either actual or constructive knowledge. *Estrada v. Texas Roadhouse Holdings, LLC*, No. 18-cv-02937-MEH, 2020 WL 869857, at *3 (D. Colo. Feb. 21, 2020) (citing *Lombard*, 187 P.3d at 571–72). "Constructive knowledge is the knowledge that one exercising reasonable diligence should have." *Id.*; *see also*

---

[2] Ms. Van Alstine asserts that, to plead her CPLA claim, she must allege facts that show that: "(1) the landowner actually knew or should have known of a danger on the premises and (2) the landowner's action or inaction constituted an unreasonable failure to exercise reasonable care to protect the plaintiff from that danger." Docket No. 17 at 4 (citing *Lombard*, 187 P.3d at 567) (internal quotations omitted). The elements Ms. Van Alstine identifies in her response are consistent with the elements listed in *Criss*, 2022 WL 672484, at *3 (citing *Lombard*, 187 P.3d at 575).

4

*Clemmons v. FC Stapleton II, LLC*, 485 F. App'x 904, 908 (10th Cir. 2012) (unpublished) ("Before there can be liability for injuries resulting from a dangerous condition, it must be shown . . . that the defendant had constructive knowledge of the condition and failed to correct it ([i.e.] that the condition had existed for such a period of time that the defendant, in the exercise of due care, could have and should have known of it)." (quoting *Bodeman v. Shutto Super Markets, Inc.*, 593 P.2d 700, 701 (Colo. 1979)). "[A] dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered." *Estrada*, 2020 WL 869857, at *3 (quoting *State v. Moldovan*, 842 P.2d 220, 229 (Colo. 1992)).

Costco claims that Ms. Van Alstine has not pled facts that suggest that Costco knew of the slippery conditions near the check-out aisles. Docket No. 9 at 4–5. Costco argues that Ms. Van Alstine's complaint also fails to plead facts sufficient to show that Costco had constructive knowledge of the floor's condition. *Id.* at 5. It asserts that the alleged facts show that, even exercising reasonable care, Costco would not have known about the slippery floor. *Id.* Specifically, Costco relies on Ms. Van Alstine's allegation that she did not see or detect the slippery condition of the floor because such condition was "not readily observable." *Id.*; Docket No. 5 at 3, ¶ 16. Finally, Costco maintains that, because Ms. Van Alstine's complaint lacks specifics regarding the substance on the floor, such as what the substance was, where the substance came from, and how long the substance was on the floor before her fall, Ms. Van Alstine has failed to plead non-conclusory facts to show that she is entitled to relief. Docket No. 9 at 5.

5

Ms. Van Alstine argues that she has adequately pled that Costco should have known about the dangerous spill and that Costco's "inaction represented an unreasonable failure to exercise reasonable care." *Id.* 4–6 (citing *Lombard*, 187 P.3d at 567). She maintains that she has pled facts which show that: (1) "[t]he spill was on the floor, in an area trafficked by invitees such as Plaintiff," (2) "Costco failed to clean up the spill to prevent slips and falls such as Plaintiff's," and (3) "Costco had a duty to keep the floor clear of dangerous spills." *Id.* at 5–6. Accordingly, Ms. Van Alstine argues that she has pled facts that show that Costco's failure to clean the floor was unreasonable. *Id.* at 6.

Ms. Van Alstine does not allege that Costco had actual knowledge of the wet and slippery condition of the floor. As such, the allegations in Ms. Van Alstine's complaint must plausibly allege that Costo had constructive knowledge of the wet and slippery floor because, in the exercise of due care, Costco could have and should have known of it. *Clemmons*, 485 F. App'x at 908. "The location of the dangerous condition, the opportunity of the defendant to determine that the condition exists, and the likelihood that a 'momentary creation' of the condition occurred are all factors which must be considered" in determining whether Costco had constructive knowledge of the slippery condition of the floor. *Bodeman*, 593 P.2d at 701. Ms. Van Alstine alleges that the liquid that caused the floor to become wet and slippery was located near the check-out aisles. Docket No. 5 at 2, ¶ 13. Ms. Van Alstine alleges no facts as to how long the liquid had been on the floor or whether Costco had the opportunity to identify the wet and slippery condition of the floor before Ms. Van Alstine fell. Ms. Van Alstine alleges

no facts from which an inference can be drawn in favor of either party as to whether the liquid that caused the floor to become wet and slippery was a "momentary creation."

Moreover, "the very nature of the defect" may be considered in determining whether Costco had constructive knowledge of the floor's wet and slippery condition. *Anderson v. Dunton Mgmt. Co.*, 865 P.2d 887, 890 (Colo. App. 1993) (citing *Bodeman*, 593 P.2d at 700).  The allegations in Ms. Van Alstine's complaint describe the substance that caused the floor to become wet and slippery as an "unknown liquid." Docket No. 5 at 2, ¶ 14.  Ms. Van Alstine alleges that "the wet and slippery conditions were not readily observable." *Id.* at 3, ¶ 16.  Taken together, the allegations in Ms. Van Alstine's amended complaint permit the Court to infer no more than the mere possibility that Costco could have known about the liquid on the floor.  The complaint fails to plausibly allege that, through due diligence, Costco should have known about the wet and slippery condition of the floor.  Moreover, Ms. Van Alstine provides no authority for the proposition that the nature of Costco's business requires it to assume the existence of dangerous conditions and remedy them, even when they are "not readily observable." As such, Ms. Van Alstine has failed to adequately allege the first element of her CPLA claim, namely, that Costco had actual or constructive knowledge of the danger.  *Criss*, 2022 WL 672484, at *3.  Accordingly, the Court will grant Costco's motion to dismiss.

Ms. Van Alstine argues that, "[i]n the alternative," she should be granted leave to amend her complaint, "providing a more specific statement supporting Plaintiff's contention that Defendant's conduct was unreasonable, and alleging that the hazard in question was either created by Defendant and/or permitted to remain for an unreasonable period of time."  Docket No. 17 at 7.  "Merely suggesting [s]he should be

7

allowed to amend if the judge concludes [her] pleadings are deficient is insufficient" for a plaintiff to be entitled to amend a complaint. *Requena v. Roberts*, 893 F.3d 1195, 1204 n.3 (10th Cir. 2018) (quoting *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010)); *see also* D.C.COLO.LCivR 7.1(d) (a "motion shall be filed as a separate document").  Ms. Van Alstine must, instead, "file[] a written motion for leave to amend, giving adequate notice of the basis of the proposed amendment," *Requena*, 893 F.3d at 1204 n.3 (citation omitted), and must attach to her motion a copy of her proposed amended pleading.  D.C.COLO.LCivR 15.1(b).  Despite Ms. Van Alstine not following the proper procedures, the Court will give her an opportunity to file a motion for leave to amend.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant Costco Wholesale Corporation's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [Docket No. 9] is **GRANTED**.  It is further

**ORDERED** that plaintiff's first claim for relief is **DISMISSED without prejudice**.  It is further

**ORDERED** that plaintiff's second claim for relief is **DISMISSED with prejudice**.[3]  It is further

---

[3] The Court dismisses plaintiff's second claim with prejudice because amendment would be futile considering defendant's admissions and the preclusive effect of the CPLA as to plaintiff's negligence claim.  Colo. Rev. Stat. § 13-21-115; *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("the district court may deny leave to amend where amendment would be futile").

**ORDERED** that Plaintiff, Gulbin Van Alstine's Unopposed Motion for Hearing on Defendant Costco Wholesale Corporation's Motion to Dismiss [Docket No. 23] is **DENIED as moot**. It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 28] is **DENIED as moot**. It is further

**ORDERED** that, on or before October 15, 2024, plaintiff may file a motion to amend the complaint.

DATED September 25, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge