IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-03274-PAB-CYC

GULBIN VAN ALSTINE,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____

**ORDER**
_____

The matter before the Court is Defendant's Motion for Summary Judgment [Docket No. 43]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

I. **BACKGROUND**

    A. <u>Procedural Background</u>

On November 20, 2023, plaintiff Gulbin Van Alstine filed suit in the District Court for Douglas County, Colorado against defendant Costco Wholesale Corporation ("Costco") for injuries she sustained in a slip in fall accident at a Costco store. Docket No. 5. On December 12, 2023, Costco removed this case to federal court. Docket No. 1. Costco filed a motion to dismiss on December 14, 2023, Docket No. 9, which motion the Court granted on September 25, 2024. Docket No. 32. On November 21, 2024, Ms. Van Alstine filed an amended complaint. Docket No. 41. In her amended complaint, Ms. Van Alstine brings one claim for premises liability under the Colorado Premises Liability Act ("CPLA"), Colo. Rev. Stat. § 13-21-115. *Id.* at 5-6, ¶¶ 46-57. On November 22, 2024, Costco moved for summary judgment on Ms. Van Alstine's CPLA

claim. Docket No. 43. Ms. Van Alstine responded, Docket No. 44, and Costco replied. Docket No. 45.

### B. Undisputed Facts[1]

On December 23, 2022[2] at 2:21 p.m., plaintiff Gulbin Van Alstine slipped and fell while walking through the checkout registers at a Costco store in Parker, Colorado. Docket No. 43 at 2, ¶¶ 2-3. Ms. Van Alstine did not see the substance that caused her to slip before she fell. *Id.*, ¶ 5. She does not know where the substance she slipped on came from. *Id.* at 3, ¶ 6.

Costco owns and operates the Parker store. *Id.* at 2, ¶ 1. Costco is a statutory landowner of the store, and Ms. Van Alstine was an "invitee" under Colo. Rev. Stat. § 13-21-115 at the time she was injured. *Id.*, ¶ 4.

Pursuant to its policy and procedures, Costco completes a "floor-walk" and safety inspection every hour. *Id.* at 3, ¶ 7. On December 23, 2022, a safety inspection occurred from 1:37 p.m. to 2:24 p.m. *Id.*, ¶ 8. No safety issues were recorded. *Id.* Security camera footage for the twenty minutes preceding Ms. Van Alstine's fall does not show a Costco employee who appears to be inspecting the area where the incident occurred.[3] Docket No. 44 at 3, ¶ 16.

---

[1] The following facts are undisputed unless indicated otherwise.
[2] There is a discrepancy in the facts as to whether the accident occurred in 2023 or 2022. *See* Docket No. 43 at 2, ¶ 2. Ms. Van Alstine produces security camera footage of the accident, which is dated December 23, 2022. Docket No. 44-1. Costco does not contest the accuracy of the timestamp of the video. *See* Docket No. 45. Therefore, the Court finds that the accident occurred on December 23, 2022. Moreover, December 2023 is one month after Ms. Van Alstine filed suit. *See* Docket No. 5.
[3] Ms. Van Alstine relies on a security video recording whose field of view shows the location where she was injured, recorded from 1:59 p.m. to 3:00 p.m. on December 23, 2022, to support each of her assertions of fact. Docket No. 44 at 3, ¶¶ 14-20. Costco does not respond to Ms. Van Alstine's assertions of fact. *See* Docket No. 45. Costco has therefore violated the Court's practice standards. *See* Practice Standards

Costco trains its employees to "constantly monitor the area in which they work, and any area they are traveling through, for any potential dangers," which includes inspecting the floor for slip hazards. Docket No. 43 at 3, ¶ 10. Multiple Costco employees were working around the area where Ms. Van Alstine fell at the time she was injured. *Id.*, ¶ 9. These employees include two who were operating registers and two who were boxing up purchases. Docket No. 44 at 3, ¶ 17. The employees working at these registers were busy assisting customers.[4] *Id.*, ¶ 18. An employee working at a register next to where Ms. Van Alstine fell observed the area where the accident occurred and found that it was free of potential slip hazards. Docket No. 43 at 3, ¶ 11. An employee boxing up purchases next to where Ms. Van Alstine fell also observed the area and did not see the substance that caused Ms. Van Alstine to slip and fall.[5] *Id.*

---

(Civil cases), Chief Judge Philip A. Brimmer, § III.F.3.b.vi. (reply briefs must admit or deny respondent's assertions of additional undisputed and disputed facts). Because Costco has failed to respond to Ms. Van Alstine's assertions of fact and because the security video provides support for Ms. Van Alstine's assertion, the Court deems this fact undisputed. Fed. R. Civ. P. 56(e)(2)-(3) (if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it"); *see also* Practice Standards, (Civil Cases), Chief Judge Philip A. Brimmer, § III.F.3.b.ix.
    [4] Costco does not respond to Ms. Van Alstine's assertion of fact, and the Court therefore deems this fact undisputed.
    [5] Costco asserts that "Costco did not know about the substance on the floor prior to Plaintiff's fall." Docket No. 43 at 3, ¶ 11. In support, Costco relies on the affidavit of the assistant store manager, who states that no safety issues were discovered during the safety inspection that occurred before the accident. *See* Docket No. 43-1 at 2, ¶ 11. Costco also relies on the affidavit of two employees working a register next to the area where Ms. Van Alstine fell. Docket No. 43-2; Docket No. 43-3. The employees both state that they observed the area where Ms. Van Alstine fell and found that it was dry. Docket No. 43-2 at 2, ¶ 10; Docket No. 43-3 at 2, ¶ 10. Ms. Van Alstine denies this fact, arguing that security camera footage shows multiple Costco employees in the area where Ms. Van Alstine fell. Docket No. 44 at 3, ¶ 11. Neither the store manager's assertions about the safety inspection, nor the employees' statements regarding their

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

A movant who bears the burden at trial must submit evidence to establish the essential elements of its claim or affirmative defense. *Harper v. Mancos Sch. Dist. RE-6*, 837 F. Supp. 2d 1211, 1217 (D. Colo. 2011). By contrast, where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue

---

personal observations are sufficient to demonstrate that no employee of Costco had knowledge of the presence of the substance that caused Ms. Van Alstine to fall. However, the security video does not support a denial of the fact that the two employees working one of the registers next to where Ms. Van Alstine fell did not observe a substance on the floor. Therefore, the Court finds that it is undisputed that two Costco employees observed the floor where Ms. Van Alstine fell and did not see the substance Ms. Van Alstine slipped on.

for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. Of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994).  The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted).  "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case."  *Bausman*, 252 F.3d at 1115.  When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.  *Id.*

### III. ANALYSIS

For "an invitee to prevail on a CPLA claim, she must prove that: (1) a landowner failed to exercise reasonable care; (2) the landowner had actual or constructive knowledge of the danger; (3) proximate cause; and (4) damages."  *Criss v. United Airlines, Inc.*, No. 20-cv-1670-WJM-NRN, 2022 WL 672484, at *3 (D. Colo. Mar. 7, 2022) (citing Colo. Rev. Stat. § 13-21-115(3)(c)(I); *Lombard v. Colorado Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 575 (Colo. 2008)).

"Reasonable care is measured by what a person of ordinary prudence would or would not do under the same or similar circumstances."  *Estrada v. Texas Roadhouse Holdings, LLC*, No. 18-cv-02937-MEH, 2020 WL 869857, at *5 (D. Colo. Feb. 21, 2020) (citing *Lombard*, 187 P.3d at 574).  Whether a defendant failed to exercise reasonable care "is generally a question of fact to be determined by the trier of fact."  *Id.* (citing *Giblin v. Sliemers*, No. 14-cv-02742-RBJ, 2016 WL 7337091, at *2 (D. Colo. Dec. 19, 2016)).

A plaintiff may show either actual or constructive knowledge to demonstrate that a landowner "actually knew or should have known" about a danger.  *Id.* at *3 (quoting

5

*Lombard*, 187 P.3d at 571-72). "Constructive knowledge is the knowledge that one exercising reasonable diligence should have." *Id.*; *see also Clemmons v. FC Stapleton II, LLC*, 485 F. App'x 904, 908 (10th Cir. 2012) (unpublished) ("Before there can be liability for injuries resulting from a dangerous condition, it must be shown . . . that the defendant had constructive knowledge of the condition and failed to correct it ([i.e.], that the condition had existed for such a period of time that the defendant, in the exercise of due care, could have and should have known of it)." (quoting *Bodeman v. Shutto Super Markets, Inc.*, 593 P.2d 700, 701 (Colo. 1979)). "[A] dangerous condition should have been known to exist if it is established that the condition had existed for such a period of time and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered." *Estrada*, 2020 WL 869857, at *3 (quoting *State v. Moldovan*, 842 P.2d 220, 229 (Colo. 1992)). The constructive knowledge of a defendant's employee is imputed to the defendant. *See Morgan v. Bd. of Water Works of Pueblo*, 837 P.2d 300, 303 (Colo. App. 1992) ("although an entity's employees may have been ignorant of the presence of a particular obstruction, if in the exercise of ordinary diligence they should have known of it, they will be deemed to have had notice"); *see also Lombard*, 187 P.3d at 571. Whether a "landowner should have known of a particular danger generally is a question of fact, not law." *Clark v. Omni Interlocken Co., LLC*, No. 21-cv-02570-STV, 2023 WL 4330461, at *3 (D. Colo. Feb. 7, 2023) (quoting *Axelrod v. Cinemark Holdings, Inc.*, 65 F. Supp. 3d 1093, 1098 (D. Colo. 2014)).

Costco maintains that Ms. Van Alstine lacks evidence from which a reasonable jury could infer either that Costco failed to exercise reasonable care or that Costco knew

6

about the substance that caused Ms. Van Alstine's injuries.  Docket No. 43 at 5-10.  Because Ms. Van Alstine did not take the deposition of any Costco employee or retained an expert on industry standards of care, Costco argues that Ms. Van Alstine lacks competent evidence to demonstrate that it failed to exercise reasonable care.  *Id.* at 6-7.  Moreover, Costco asserts that the undisputed facts show that it did exercise reasonable care because (1) Costco requires hourly safety inspections of the floor, (2) a safety inspection was performed in the hour before Ms. Van Alstine fell, (3) Costco trains its employees to monitor the floor for slip hazards, and (4) there were four employees working near where Ms. Van Alstine fell.  *Id.* at 7.  Based on these same facts, Costco contends that it did not know about the slippery substance on the floor.  *Id.* at 7-9.  It maintains that the undisputed facts show its employees were exercising reasonable diligence in monitoring the floors and that such diligence did not detect the hazardous condition.  *Id.*  As such, Costco argues that it had neither actual nor constructive knowledge of the presence of the substance that caused Ms. Van Alstine to fall.  *Id.* at 7.

Ms. Van Alstine responds that the security video of the incident is sufficient to demonstrate that there is a dispute of material fact as to whether Costco exercised reasonable care and whether it either knew or should have known of the dangerous floor condition.  Docket No. 44 at 4-9.  In determining whether a landowner can be held liable for the dangerous condition of a floor, Ms. Van Alstine states that courts consider "the nature of the condition, its foreseeable consequences, the means and opportunities of discovering it, the diligence required to discover and correct it, and the foresight which a person of ordinary prudence would have exercised under similar

7

circumstances." *Id.* at 5 (quoting *Miller v. Crown Mart, Inc.*, 425 P.2d 690, 692 (Colo. 1967)); *see also Dargon v. Kirk*, 650 F. Supp. 737, 739 (D. Colo. 1986) ("Where no inference could reasonably be drawn that the storekeeper could have discovered the condition by the exercise of reasonable care, the court should decide the case as a matter of law. But where it might reasonably be decided that the storekeeper could have discovered the dangerous condition by the exercise of reasonable care, the case should be submitted to the jury." (citing *Miller*, 425 P.2d at 692)). Considering the security camera footage, Ms. Van Alstine maintains that a reasonable juror could conclude either that a Costco employee knew about the substance on the floor but did not clean it up or that the employee could have discovered the substance through the exercise of reasonable diligence. Docket No. 44 at 6-8.

The Court finds that there are two disputes of material fact that preclude summary judgment in this case. In its statement of undisputed facts, Costco asserts that it is undisputed that the "employee completing the floor-walk inspected the area where Plaintiff fell minutes prior to her fall" and that "[n]o safety issues were found anywhere in the warehouse during that inspection." Docket No. 43 at 3, ¶ 8. To support its assertion of fact, Costco cites the affidavit of Lisa Hotton, the assistant general manager of the store. *See* Docket No. 43-1 at 1, ¶ 3. In her affidavit, Ms. Hotton states that Costco performs routine safety inspections every hour during which employees check for slip hazards, and that any safety issues are noted in the "action log" of the inspection paperwork completed during the inspection. *Id.* at 2, ¶¶ 9-10. She states that a safety inspection was performed between 1:37 p.m. and 2:24 p.m., that the area where Ms. Van Alstine fell was inspected, and that no safety issues were reported.

*Id.*, ¶ 11.  Costco also attaches a copy of the inspection report, which indicates that no safety issues were discovered.  Docket No. 43-5.

Ms. Van Alstine disputes this fact.  Docket No. 44 at 2, ¶ 8.  Ms. Van Alstine relies on the security camera video of the area where she fell.  *Id.*  She asserts that the video shows that no Costco employee performed a safety inspection of the area from 2:00 p.m. to 2:21 p.m.  *Id.*  As such, she claims that Costco's assertion that an employee performed a safety inspection of the area where Ms. Van Alstine fell "minutes prior to her fall," Docket No. 43 at 3, ¶ 8, is false.  Docket No. 44 at 2, ¶ 8.

Ms. Hotton's affidavit supports the proposition that it is Costco's practice to perform routine safety inspections and to record safety issues on the inspection paperwork.  *See* Docket No. 43-1 at 2, ¶ 11.  Because no safety issues were noted, this practice supports an inference that no safety issues were found in the areas that the Costco employee inspected.  However, Ms. Hotton does not have personal knowledge of the fact that a Costco employee inspected the exact area where Ms. Van Alstine fell or the time that inspection of this area occurred.  Therefore, the Court finds Ms. Hotton's assertion that a Costco employee inspected the area where Ms. Van Alstine fell "minutes prior to her fall" is not supported by the evidence cited.  Docket No. 43 at 3, ¶ 8.

Moreover, the Court finds that the security camera footage supports Ms. Van Alstine's denial.  *See Padilla v. City of Farmington, New Mexico*, 782 F. Supp. 3d 1074, 1082 n.10 (D.N.M. 2025) ("At the summary judgment stage, the Court must consider all facts in the light most favorable to the nonmoving party and make all reasonable inferences in favor of the nonmovant. . . .  Where video evidence contradicts one party's

version of the facts, however, the Court may rely on the video evidence." (internal citation omitted) (citing *Thomas v. Durastanti*, 607 F.3d 655, 659 (10th Cir. 2010); *Scott v. Harris*, 550 U.S. 372, 380 (2007)); *Palacios v. Fortuna*, 61 F.4th 1248, 1262 (10th Cir. 2023) ("We have reviewed the video evidence in this case extensively and made reasonable factual inferences in Plaintiff's favor where not contradicted by video evidence."); *Hinkley v. Salt Lake City Corp.*, 426 F. Supp. 3d 1207, 1213 (D. Utah 2019) ("Courts should only reject a plaintiff's statement of the facts when that statement is 'blatantly contradicted' by the video evidence."). Although the video shows several Costco employees in the area where Ms. Van Alstine fell prior to the accident, none of these employees is clearly performing a safety inspection and no employee appears to inspect the floor where Ms. Van Alstine fell. *See* Docket No. 44-1. Costco does not contest the authenticity of the video. *See* Docket No. 45. Therefore, the Court finds that there is a dispute of material fact as to whether a Costco employee performed a safety inspection of the floor where Ms. Van Alstine fell minutes before the accident.

In her section of additional material facts, Ms. Van Alstine asserts that "employees [working the registers near where Ms. Van Alstine fell] appear to be extraordinarily busy processing customer purchases, and do not appear to be observing the area where Plaintiff fell to ensure it was 'clean and dry.'" Docket No. 44 at 3, ¶ 18. Costco does not respond to Ms. Van Alstine's assertion that the security camera video demonstrates that the employees working the registers do not appear to be monitoring the floor. *See* Docket No. 45.

The security camera video shows that the employees working the registers frequently pass through the area where Ms. Van Alstine fell. The video shows the

10

following events. *See* Docket No. 44-1. The security camera is oriented to record customers who walk by five registers in the course of entering or exiting the store. The customer service desk appears to be located between the end of the registers and the store exit. The first and fifth registers are not in operation.[6] For most of the period between 1:59 p.m. and 2:21 p.m., two employees are stationed at each of registers two, three, and four. One employee scans items for purchase and passes them to an employee positioned at the end of the register. The employee positioned at the end of the register places the scanned items in cardboard boxes. This employee then assists customers in placing these boxed items back in their shopping carts. Registers two and three are oriented such that the employees scanning the items for purchase have their backs facing each other, with customers passing through aisles on the opposite side of the registers. Therefore, most customers do not pass through the space between registers two and three. Instead, the Costco employees who are boxing the items for registers two and three meet the customer at the beginning of the conveyor belt, take the customers' shopping cart between the backsides of registers two and three, and meet the customer at the end of the conveyor belt, after having filled the cart with the purchased items. These Costco employees repeatedly pass through the area behind registers two and three. However, at approximately 2:06 p.m., 2:08 p.m., and 2:16 p.m. the video shows Costco customers walking through the space between registers two and three.

---

[6] For purposes of this order, the Court will refer to the register closest to the exit as register one and the register furthest from the exit as register five.

At 2:18:44 p.m., the Costco employee at register two, who had been helping box customers' purchases, walks away from the register and into the area of the store containing products for sale.  At that point, the employee operating register two begins to scan items and then return them to the customer's shopping cart, which is positioned behind her and between registers two and three.

At 2:20:01 p.m., Ms. Van Alstine approaches the customer service counter.  At 2:21:02 p.m., Ms. Van Alstine starts to walk towards the registers, in the opposite direction of the flow of customers leaving the store.  At 2:21:07 p.m., the Costco employee operating register two stops scanning items and walks to the end of the conveyor belt.  At 2:21:11 p.m., the employee picks up an item at the end of the conveyor belt, walks back through the area between registers two and three, bends down, and places the item by a trash can at her feet.  At 2:21:17 p.m., the employee operating the register returns to scanning items.  At 2:21.20 p.m., Ms. Van Alstine walks through the space between registers two and three.  While walking through the area between registers two and three, Ms. Van Alstine slips and falls.

It is undisputed that Ms. Van Alstine slipped and fell due to a liquid on the floor between registers two and three.  Docket No. 43 at 2, ¶ 2.  The video shows that several employees were working around the area where Ms. Van Alstine fell and that these employees may have had the opportunity to observe the substance on the floor.  However, whether the employees were "observing the area where Plaintiff fell to ensure it was 'clean and dry'" is not clear from the video.  Nevertheless, the Court finds that the video provides some support for Ms. Van Alstine's assertion that the employees working the registers were assisting other customers and were not monitoring the area where

12

Ms. Van Alstine fell for slip hazards. Therefore, there is a dispute of fact as to whether the employees were monitoring the floor where Ms. Van Alstine fell.

The disputes of fact regarding whether a Costco employee performed a safety inspection of the area where Ms. Van Alstine fell and whether the employees working the registers were monitoring the floors for slip hazards are material to whether Costco failed to exercise reasonable care and whether Costco had actual or constructive knowledge of the substance that caused Ms. Van Alstine to fall. These disputes of fact are properly resolved by the jury. *See Traynom v. Cinemark USA, Inc.*, 940 F. Supp. 2d 1339, 1353 (D. Colo. 2013) ("the judge shall determine whether the plaintiff is a trespasser, licensee or invitee . . . [but] issues of liability and damages in any such action shall be determined by the jury" (quoting Colo. Rev. Stat. § 13–21–115(4)); *Connelly v. Redman Dev. Corp.*, 533 P.2d 53, 55 (Colo. App. 1975) ("What constitutes reasonable care is a question for the jury except where the facts are undisputed and reasonable minds could draw but one inference from them."); *Clark*, 2023 WL 4330461, at *3 (whether a "landowner should have known of a particular danger generally is a question of fact, not law"); *Bodeman v. Shutto Super Markets, Inc.*, 593 P.2d 700, 702 (Colo. 1979) ("the evidence relating to the hole in the asphalt ramp . . . created an issue as to whether Shutto had constructive notice of the existence of the hole. Therefore, the trial court correctly submitted the issue to the jury." (internal citations omitted)); *see also Estrada*, 2020 WL 869857, at *6 ("If there was spilled liquid on the floor at the time Plaintiff fell, and there is video evidence showing a restaurant employee within a few feet of that spill for thirty minutes prior to Plaintiff's fall, a reasonable jury could determine Defendant failed to act[ ] reasonably to protect Plaintiff from that spill.

13

Therefore, Defendant is not entitled to summary judgment based on the reasonable care element of Plaintiff's claim."). As a result, the Court will deny Costco's motion for summary judgment. *See* Fed. R. Civ. P. 56(a) (movant must show that there are no genuine disputes of material fact).

IV.   **CONCLUSION**

Therefore, it is

**ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 43] is **DENIED**.

DATED September 9, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge